## Croxton's Estate.

*Wills — Construction — Additional legacies—Incidents and conditions of original legacies—Exemption from inheritance tax.*

1. Additional legacies are *prima facie* subject to the same incidents and conditions as the original legacy.

2. Where a will provides in a section designated as "d" that a gift for a charity shall be free from the inheritance tax, and in a later section bequeaths an additional sum to the same legatee "for the purpose mentioned in section 'd' and no other, as an additional bequest," but without again referring to taxes, the legatee takes the additional bequest free of inheritance tax.

Exceptions to adjudication. O. C. Phila. Co., July T., 1925, No. 2052.

HENDERSON, J., Auditing Judge.—By her will, Gertrude B. Croxton, after some bequests of jewelry and household goods, as to which she made no mention of inheritance tax, provided in the sixth paragraph as follows:

"And, sixth, out of the proceeds of the sale or sales of such real estate, and of the said balance of such household goods, effects and furnishings, and from and out of the proceeds of the sale or sales of my various other holdings, possessions, investments, effects and assets, of whatsoever nature they be—other than those herein otherwise bequeathed—after the payment of all debts, funeral expenses, *taxes*, commissions, costs of administration, and any and all other proper outlays or charges, I make the following gifts and bequests; and I direct that in case of insufficiency of funds the one first mentioned be paid in full, and so on, until such no longer remain possible, when the next beneficiary in order named is to receive on account of his, her or its bequest all of the balance of such funds or proceeds:

Croxton's Estate.

"*(a)* To my two maids, Nora Lyons and Nellie Gorman, and to my chauf-feur, Charles Kelleher, I give and bequeath the sum of One thousand (1000) Dollars, each, *free and clear of all inheritance tax.*

"*(b)* To the Woodlawn Cemetery Association, its successors and assigns, of and in said City of Toledo, Ohio, I give and bequeath the sum of Five hundred (500) Dollars, *free and clear of all inheritance tax*—said sum to be invested by it on bond and mortgage or other interest-bearing securities, and the income arising therefrom to be applied to and used for keeping the monument, lot and grounds, in said Cemetery known as Lot No. 37, Sec. 3, and standing in the name of John E. Bailey, in perpetual good order, care and repair.

"*(c)* To the Trustees of the Toledo Hospital hereinafter named, I give and bequeath the sum of One thousand (1000) Dollars, to be invested and set apart by it, and the income arising from said investment to be used by it for the permanent upkeep of the room in said Hospital established in memory of my father John E. Bailey, whose name appears upon the door of said room.

"*(d)* To the Toledo Hospital, its successors and assigns, a corporation established by law of the Commonwealth of Ohio, and located in said City of Toledo, Ohio, I give and bequeath the sum of One hundred thousand (100,000) Dollars, *free and clear of all inheritance tax*, to be invested and preserved inviolably for the endowment and maintenance of a Training School and Home for Nurses, the same to be known as 'The Croxton Training School and Home,' in fond and loving memory of and for my beloved late husband John G. Croxton, and my dear deceased son Bailey Croxton; and I direct that an engraving of my said husband John G. Croxton be procured, hung and maintained by said School and Home in some part hereof.

"*(e)* The sum of Ten thousand (10,000) Dollars, or in case of a deficiency so much thereof as possible, *clear of all inheritance tax*, to be divided between my said niece Gertrude Marvin Dodge, who is to receive one-half thereof, and my cousin Antoinette B. Strong, now of Ashtabula, Ohio, and my sister-in-law Alice E. Hopkins, of Dover, Ohio, each of whom are to receive one-fourth thereof.

"*(f)* To the said Toledo Hospital, its successors and assigns, for the purposes mentioned in section *(d)* but no other, as an additional bequest, all of the balance of said proceeds, if there be any, up to, but not exceeding, the sum of Fifty thousand (50,000) Dollars."

The effect of section *(f)* is merely to increase the legacy given in section *(d)*; it is just as if the testatrix had said in section *(d)* that the legacy of $100,000 to the Toledo Hospital should be $150,000 in case her estate would permit it after complying with the other provisions of her will.

It is well settled that additional legacies are *prima facie* subject to the same incidents and conditions as the original legacy. In 5 Theobald on Wills (6th ed.), chap. 20, page 160, it is said: "As a rule, substituted or additional legacies are subject to the same conditions as the original legacies; for instance, as regards freedom from legacy duty," citing in support thereof Earl of Shaftesbury *v.* Duke of Marlborough, 7 Sim. 237, which was a case of an augmented legacy; Cooper *v.* Day, 3 Mer. 154; and Fisher *v.* Brierley, 30 Beav. 267, which was a case of a substituted legacy. And, to the same effect, see Hawkins on Wills (Am. ed.), 306, wherein it is said: "An added or substituted legacy is *prima facie* payable out of the same funds and subject to the same incidents and conditions as the original legacy. . . ." See, also, Phillips's Estate, 1 Dist. R. 311; Williams on Executors, 1040; Page on Wills, par. 800, and Werner on Wills, 1522.

The foregoing rule is conceded by the residuary legatee, but she contends that it should only be applied where the will does not direct otherwise, and from the four corners of this will she contends that it was not the intention of the testatrix to free this legacy from the inheritance tax. It is urged that the legacy of the jewelry and household goods was not exonerated from the tax; nor did the testatrix in terms exonerate the. Toledo Hospital from the tax on the legacy of $1000 for the upkeep of a room in memory of her father, John E. Bailey, and from these provisions of the will it is requested that I should draw the deduction that because, under section (f) of the sixth paragraph of the will, she has not again directed that this legacy shall be "clear of inheritance tax," therefore this gift of $50,000 is not exonerated from the tax. I cannot follow this reasoning. The rule as to additional legacies is so clear, and indeed is conceded, that I do not regard the incidents to which counsel for the residuary legatee directs my attention as sufficient to overcome the rule.

The Pennsylvania inheritance tax on the $50,000 legacy will also be paid out of the residuary estate.

*Humbert B. Powell,* for exceptant; *Charles J. Biddle,* contra.

GEST, J., on exceptions, Oct. 29, 1926.—The question raised by these exceptions has been so clearly and adequately answered by the Auditing Judge that we do not consider it necessary to add anything to what he has said in his adjudication.

The exceptions are dismissed and the adjudication is confirmed absolutely. THOMPSON, J., absent.